TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone:  (480) 247-9644
Facsimile:  (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Nitzkin & Associates
22142 West Nine Mile Road
Southfield, MI 48033
Telephone:  (248) 353-2882
Facsimile:  (248) 353-4840

*Attorneys for Plaintiff,*
*Daniel Carter*

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Daniel Carter, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Experian Information Solutions, Inc., an Ohio corporation. | **JURY TRIAL DEMAND** |
| Defendant. | |

1

NOW COMES THE PLAINTIFF, DANIEL CARTER, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his Complaint against the Defendant, pleads as follows:

## **JURISDICTION**

1. Jurisdiction of this court arises under 15 U.S.C. §1681p, 15 U.S.C. §1692k(d) and 28 U.S.C. §§1331,1337.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

## **VENUE**

3. The transactions and occurrences which give rise to this action occurred in the City of Mesa, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## **PARTIES**

5. The Defendant to this lawsuit is Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona.

**GENERAL ALLEGATIONS**

6. On or about February 9, 2015, Plaintiff obtained his Experian credit file and

noticed inaccuracies on the following trade lines ("Errant Trade Lines"):

    a.  He did not recognize the following items on his credit report and disputed

        them:

        i.   Afni, Account Number: 105222XXXX;

        ii.   Afni, Account Number: 105310XXXX;

        iii.   Az Des Child Support, Account Number: 2737298XXXX;

        iv.   Az Des Child Support, Account Number: 3373470XXXX; and

        v.   ACS, Account Number: 300500XXXX.

    b.  Mr. Carter noted that the following trade line should no longer be

        reflecting on his credit report because the date of his first delinquency

        was more than 7 years ago.  Under the FCRA, this trade line has been

        removed as he posited a dispute to Experian:

        i.   BMI Federal Credit Union, Account Number: 18715XXXX.

    c.  Mr. Carter noted that the following judgments should no longer be

        reflecting on his credit report because they have expired and have not

        been renewed:

        i.   East Mesa Precinct, Case Number: cc2008072845XXXX; and

        ii.   East Mesa Precinct, Case Number: cc2008166490XXXX.

7.  On or about April 6, 2015, Mr. Carter submitted a letter to Experian, disputing the Errant Trade Lines.

8.  On or about April 10, 2015, Mr. Carter received a letter from Experian, stating that it received a suspicious request and determined that it was not sent by Mr. Carter.  Experian stated that it would not be initiating any disputes based on the suspicious correspondence and that it would apply this same policy to any future suspicious requests that it received.

9.  On or about April 16, 2015, Mr. Carter received another letter from Experian, stating that it received a suspicious request and determined that it was not sent by Mr. Carter.  Experian stated that it would not be initiating any disputes based on the suspicious correspondence and that it would apply this same policy to any future suspicious requests that it received.

10. Experian violated Mr. Carter's rights under the Fair Credit Reporting Act, causing him pecuniary and emotional damages, costs and attorneys' fees.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN**

11. Plaintiff realleges the above paragraphs as if recited verbatim.

12. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Carter as that term is defined in 15 USC 1681a.

4

13. Such reports contained information about Mr. Carter that was false, misleading, and inaccurate.

14. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Carter, in violation of 15 USC 1681e(b).

15. After receiving Mr. Carter's consumer dispute to the Errant Trade Lines, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

16. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Carter has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

17. Experian is liable to Mr. Carter by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.


**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT II</u>

### <u>WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN</u>

18. Plaintiff realleges the above paragraphs as if recited verbatim.

19. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Carter as that term is defined in 15 USC 1681a.

20. Such reports contained information about Mr. Carter that was false, misleading, and inaccurate.

21. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Carter, in violation of 15 USC 1681e(b).

22. After receiving Mr. Carter's consumer dispute to the Errant Trade Lines, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

23. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Carter has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

24. Experian is liable to Mr. Carter by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.


## JURY DEMAND

Plaintiff hereby demands a trial by Jury.


DATED: March 9, 2016                    NITZKIN & ASSOCIATES


                                        By: _/s/  Trinette G. Kent_
                                        Trinette G. Kent
                                        Attorneys for Plaintiff,
                                        Daniel Carter

7